UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALERIE WILLIAMS,<br><br>                              Plaintiff,<br><br>            -against-<br><br>LONG BEACH MORTGAGE COMPANY;<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, as Trustee for Long Beach<br>Mortgage Trust 2006-2; STEPHEN J. BAUM;<br>JOHN DOE; JANE ROE,<br><br>                              Defendants. | 22-CV-6838 (LTS)<br><br>ORDER OF DISMISSAL WITH LEAVE TO<br>REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Valerie Williams, who is appearing *pro se*, filed this action under Federal Rule of

Civil Procedure 60(d)(3), seeking to vacate a state court judgment of foreclosure. By order dated

August 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is,

without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint

but grants Plaintiff 30 days' leave to replead her claims.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

This complaint arises from a foreclosure action, held in New York State Supreme Court, Westchester County, related to property located at 26 West Devonia Avenue, in Mt. Vernon, New York. Named as Defendants are: (1) Long Beach Mortgage Company (LBMC); (2) Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Trust 2006-2; (3) Stephen J. Baum, an attorney residing in Buffalo, New York; and (4) unknown "John and Jane Does" defendants. Plaintiff challenges the validity of the judgment of foreclosure on the following grounds: (1) the mortgage "was not deposited into the Mortgagee's Pooling and Servicing Agreement Trust at the time of the Closing Date of said Trust and therefore, [Defendants] had no Standing to sue for foreclosure because to do so would have violated New York State Trust Law and SEC guidelines . . ."; and (2) Baum is "known for perpetrating unscrupulous acts" in court. (*Id.* at 1-2.)

Plaintiff moves, invoking Federal Rule of Civil Procedure 60(d)(3), to present "newly discovered irrefutable proof" that attorney Baum committed fraud in obtaining the judgment of foreclosure in state court. (ECF 2 at 1-2.) She asserts that "Federal Courts have the power under the Federal Rules of Civil Procedure to set aside judgments entered years earlier that were obtained by 'fraud on the court.'" (*Id.*) Plaintiff also invokes: (1) the Court's federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1337; and (2) the Court's supplemental jurisdiction, 28 U.S.C. § 1367, under which she asserts claims of fraud, fraud on the court, and violations of N.Y. Penal Law § 187; N.Y. Banking Law Article 2 § 30; New York Civil Practice Law and Rules Article 63; and New York Business Law § 349.

Plaintiff filed two prior actions in this court arising out of the same foreclosure case regarding the West Devonia Avenue property. In *Williams v Long Beach Mortg. Co.*, No. 15-CV-5952 (KMK), 2016 WL 5720810 (S.D.N.Y. Sept. 30, 2016), *aff'd*, 709 F. App'x 92 (2d Cir. Feb.

13, 2018) (*Williams I*), the court dismissed, for lack of subject matter jurisdiction, Plaintiff's

complaint against, among others, LBMC, Deutsche Bank, and Baum.[1] In *Williams v. Long Beach*

*Mortg. Co.*, ECF 7:19-CV-0970, 69 (NSR) (S.D.N.Y. Aug. 14, 2020) (*Williams II*), the court

dismissed the complaint under the *Rooker-Feldman* doctrine, for failure to state a claim, and for

lack of subject matter jurisdiction.[2] According to the docket in *Williams II*, the state court

judgment of foreclosure was entered on March 4, 2008, and the property was sold at auction on

October 27, 2009. *See Williams II*, ECF 7:19-CV-0970, 69.

## DISCUSSION

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal

law if the complaint "establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

---

[1] In *Williams I*, the court noted that the complaint contained "a passing reference to other federal statutes," including 28 U.S.C. § 1337, but that it did "not refer to this statute again, nor . . . contain any specific allegations or facts as to how [the] [d]efendant violated" that statute. *Williams I*, No. 15-CV-5952, 2016 WL 5720810, at *7.

[2] As discussed in that order*, under the *Rooker-Feldman* doctrine, federal district courts lack authority to review final state-court orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court [of the United States] is the only federal court that has jurisdiction to review state court judgments, . . . unless otherwise provided by Congress, *see, e.g.,* 28 U.S.C. § 2254 (habeas corpus review)."). The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction. . . ." *Exxon Mobil Corp.*, 544 U.S. at 291. District-court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of the state court judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

subject matter jurisdiction, without any facts demonstrating subject matter jurisdiction, does not

create subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d

1182, 1188-89 (2d Cir. 1996). There are no allegations in the complaint suggesting that the Court

can consider this action under its federal question jurisdiction.

Section 1331 and 28 U.S.C. § 1337 are general jurisdictional statutes that do not create a

cause of action, but "rather depend[ ] upon an action arising under a separate federal law before a

district court's jurisdiction is proper." *325 Bleecker, Inc. v. Local Union No. 747*, 500 F. Supp. 2d

110, 119 (N.D.N.Y. 2007); *see also W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*,

815 F.2d 188, 192 (2d Cir. 1987). Section 1337 only operates where there is a "civil action or

proceeding arising under any Act of Congress regulating commerce or protecting trade and

commerce against restraints and monopolies," 28 U.S.C. § 1337(a), and may not be invoked "on

the bare assertion that a right under an act regulating commerce is infringed," *Russo v. Kirby*, 453

F.2d 548, 551 (2d Cir. 1971). Rather, "[f]acts must be alleged to show that federal law in the

particular case creates a duty or a remedy." *Id*. (citations omitted).

The order of dismissal in *Williams I* noted that, although Plaintiff's complaint contained

"a passing reference to . . . federal statutes," including Section 1337, that her pleading did "not

refer to this statute again, nor . . . contain any specific allegations or facts as to how [the]

[d]efendant violated" that statute. *Williams I*, No. 15-CV-5952, 2016 WL 5720810, at *7. As in

*Williams I*, this complaint refers to Sections 1331 and 1337, but contains no facts suggesting that

she can state any viable federal claims.

Plaintiff also invokes Rule 60 of the Federal Rules of Civil Procedure, under which a federal district court may relieve a party from a judgment or order obtained by fraud, misrepresentation, or other misconduct by an opposing party. Fed. R. Civ. P. 60. Under Rule 60(d), a federal court may "set aside a judgment for fraud on the court," or entertain an independent action to relieve a party from a judgment. Fed. R. Civ. P. 60(d)(1) & (3). *See United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002). Fraud on the court constitutes "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005).

Rule 60 only authorizes a federal district court to set aside one of its own judgments or orders only, and not a judgment or order of a state court or other federal court. *See Burnett v. Amrein*, 243 F. App'x 393, 395 (10th Cir. 2007) (per curiam); *Gochenaur v. Juniata Valley Bank*, No. 17-CV-743, 2017 WL 3405114, at *3 (M.D. Pa. June 22, 2017) ("Rule 60 simply does not provide a vehicle for vacating a state court judgment in" federal court.) Any such action would violate the *Rooker–Feldman* doctrine. *See Bolden v. City of Topeka,* 441 F.3d 1129, 1139 (10th Cir. 2006) (holding that the *Rooker–Feldman* doctrine "prohibits federal suits that amount to appeals of state court judgments."); *Mina v. ENET Advert.*, 616 F. App'x 49, 50 (3d Cir. 2015) (per curiam) ("[A] federal district court cannot overturn a state court judgment pursuant to Rule 60(b). Moreover, the *Rooker-Feldman* doctrine bars Mina's attempt invalidate the Court of Common Pleas' judgment dismissing his case."); *Lee v. Driscoll*, No. 18-CV-1478, 2019 WL 4450679, at *10 (D. Conn. Sept. 17, 2019) ("[P]ursuant to the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to consider Plaintiff's Rule 60(d)(3) claim, which asks the Court to 'set aside a judgment for fraud on the court.' Fed. R. Civ. P. 60(d)(3). Likewise, the Court lacks jurisdiction to vacate or declare void and unenforceable the state court judgment or to enjoin

Defendants from enforcing that judgment against Plaintiff.") (quoting *Heriveaux v. Lopez-Reyes*, No. 17-cv-9610 (AJN), 2018 WL 3364391, at *3 (S.D.N.Y. July 10, 2018)).

Also, as discussed above, in the order of dismissal in *Williams II*, the court dismissed the complaint under the *Rooker-Feldman* doctrine. Here, Plaintiff again seeks to invalidate the same state court order or judgment on the ground that it was fraudulently obtained. Rule 60, however, only authorizes this Court to invalidate one of its own orders or judgments. Plaintiff has therefore failed to show that she is entitled to any relief under Rule 60.

For these reasons, the Court must dismiss Plaintiff's purported federal claims for lack of subject matter jurisdiction.

## A.   Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having determined that the Court lacks subject matter jurisdiction of any federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of Plaintiff's state-law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## B.   Leave to replead

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, the Court grants Plaintiff 30 days' leave to replead her claims.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

Plaintiff is granted 30 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-6838 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 14, 2022
              New York, New York

                                             /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                        -against-


_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                          Middle Initial          Last Name

_____

Street Address

_____

County, City                                    State                    Zip Code

_____

Telephone Number                           Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                     Last Name
_____

Current Job Title (or other identifying information)
_____

Current Work Address (or other address where defendant may be served)
_____

County, City                     State                Zip Code

Defendant 2: _____

First Name                     Last Name
_____

Current Job Title (or other identifying information)
_____

Current Work Address (or other address where defendant may be served)
_____

County, City                     State                Zip Code

Defendant 3: _____

First Name                     Last Name
_____

Current Job Title (or other identifying information)
_____

Current Work Address (or other address where defendant may be served)
_____

County, City                     State                Zip Code

Defendant 4:

First Name                               Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                  State                        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address | | |
|---|---|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | | Email Address (if available) |
|---|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.