UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE WILLIAMS,

               Plaintiff,

-against-

LONG BEACH MORTGAGE COMPANY;
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Long Beach
Mortgage Trust 2006-2; STEPHEN J. BAUM;
JOHN DOE; JANE ROE,

               Defendants.

22-CV-6838 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Valerie Williams, who is appearing *pro se* and *in forma pauperis* (IFP), filed this action under Federal Rule of Civil Procedure 60(d)(3), seeking to vacate a state court judgment of foreclosure. By order dated November 14, 2022, the Court: (1) dismissed the matter for lack of subject matter jurisdiction; (2) declined to exercise supplemental jurisdiction of any state-law claims; (3) granted Plaintiff leave to replead; and (4) informed Plaintiff that if she did not comply with the order, the Court would direct the Clerk of Court to enter judgment consistent with the order.[1] (ECF 5.)

      On December 14, 2022, Plaintiff filed an affidavit "in support of" the complaint, which reiterates the claims in her pleading. In short summary, Plaintiff alleges to have "acquired newly discovered irrefutable proof" that Defendants "procure[d] the foreclosure judgment" through "fraud." (ECF 6 at 1.) Thereafter, on January 17, 2023, Plaintiff filed a "proposed order to show cause (with emergency relief) for emergency preliminary injunction/temporary restraining order"

---

[1] The Court assumes familiarity with that order, which documents the events giving rise to the state foreclosure matter and prior litigation in this court related to it.

against each Defendant that is "attempting to perfect and enforce a fraudulent foreclosure action," and an affidavit and memorandum of law in support of that motion. (ECF Nos. 7-9.)

Plaintiff's affidavit provides more details about what occurred and what her claims are, but the allegations remain largely unchanged from those set forth in the complaint. The affidavit does not comply with the prior order because it fails to show what the basis for this Court's subject matter jurisdiction would be. Accordingly, this matter is dismissed for lack of subject matter jurisdiction. The Court declines to exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367. The Court directs the Clerk of Court to enter judgment. As a result, Plaintiff's January 17, 2023 application for emergency injunctive relief are denied as moot.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff's request for an order to show cause (ECF No. 7) is denied as moot. All other pending matters in this case are terminated.

The Clerk of Court is directed to enter judgment in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  January 30, 2023
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge